No. 9981.

THE QUINTET OIL COMPANY *v.* THE BIG FIVE OIL COMPANY.

Decided April 3, 1922.

Action to recover amount of assessment on the capital stock of a corporation. Judgment for defendant.

*Affirmed.*

1. CORPORATIONS—*Capital Stock—Assessment—Collection.* Where the

stockholders of a corporation agreed that the company might levy assessments on its capital stock, and that if any stockholder should fail to pay the same, he should forfeit his interest, the remedy for failure to pay the assessment was forfeiture, and not a suit to collect the amount due.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. THOMAS & THOMAS, Mr. J. J. HOLLINGSWORTH, for plaintiff in error.

Messrs. HOWARD & MCCRILLIS, Mr. HAROLD H. HEALY, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

DEFENDANT had judgment. Plaintiff brings the cause here for review.

Holders of shares of the capital stock of plaintiff corporation, including the defendant, were associated together by written agreement to aid in the development of a certain tract of land for oil. By this agreement and subsequent action of the plaintiff, the plaintiff might designate and levy an assessment on each share of stock as it might be necessary to raise funds for such development purposes. The defendant paid its assessments so levied, for a time, but finally ceased and refused to pay subsequent and further assessments. Plaintiff brought this action to recover from defendant the amount of assessments alleged to be due.

The agreement provided:

"In case any party hereto fails to put up his share of the expense, he forfeits all his interest herein to the other parties share and share alike."

The minutes of plaintiff company show that upon a failure to pay such assessments by the holder of stock within thirty days after notice, there should be a forfeiture for non-payment to the other stockholders who did pay. Without the agreement the stock was not assessable.

The provision of forfeiture of defendant's stock in case of default in the payment of the assessment thereon, was the penalty prescribed in the agreement, and adopted by plaintiff company, for such default, to the exclusion of any further burden. The plaintiff could have no remedy but forfeiture. The trial court entertained this view and gave judgment for defendant on the pleadings.

We find no error in the record. The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE not participating.